IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 2: 09-cr-00005 |
| v. | ) | 2: 16-cv-00681 |
| | ) | |
| CHRISTINA MARIE KORBE | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

Now pending before the Court is a MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (ECF No. 431), filed by counsel on behalf of Defendant Christina Korbe. Also pending is the GOVERNMENT'S MOTION TO DISMISS DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. § 2255 (ECF No. 436). Counsel for Korbe filed a response in opposition and the motions are ripe for disposition.

Factual and Procedural Background

On November 19, 2008 at approximately 6:00 a.m., Christina Korbe shot and killed FBI Special Agent Samuel Hicks. Hicks and other law enforcement agents had arrived at Korbe's home that morning to execute an arrest warrant for her husband, Robert Korbe, arising out of a large-scale cocaine conspiracy. Christina Korbe was charged with numerous offenses, including Murder of a Federal Officer (second degree); Assault of a Federal Officer Through Use of a Dangerous Weapon; Using, Carrying and Discharging a Firearm During and in Relation to a Crime of Violence and Possessing Said Firearm in Furtherance Thereof; Aiding and Abetting Possession of a Firearm by a Convicted Felon; Conspiracy to Distribute and Possess with Intent to Distribute 500 grams or more of Cocaine; Possession with Intent to Distribute 50 grams or

1

more of Cocaine Base; Possession with Intent to Distribute a Quantity of Cocaine; Using, Carrying and Discharging a Firearm During and in Relation to a Drug Trafficking Crime; and Possession of a Firearm by an Unlawful User of a Controlled Substance. Korbe faced a maximum sentence of life imprisonment.

On January 18, 2011, after extensive negotiations, Korbe pled guilty to a lesser-included Count 1 of the Superseding Indictment (Voluntary Manslaughter) and to Count 3 (Using, Carrying and Discharging a Firearm During and in Relation to a Crime of Violence and Possessing Said Firearm in Furtherance Thereof, in violation of 18 U.S.C. § 924(c)). She was sentenced the same day to an agreed-upon term of imprisonment of 15 years and 10 months imprisonment pursuant to Fed. R. Crim. P. 11(c)(1)(C). The Court accepted the plea agreement reached by the parties and sentenced Korbe accordingly.

As part of the plea agreement, Korbe agreed to waive her right to file a direct appeal and waived her right to file a collateral appeal pursuant to § 2255. The Court conducted an extensive colloquy to determine that Korbe's plea was knowing, free and voluntary and that she agreed to be sentenced in accordance with the stipulated penalties set forth in the plea agreement. In the colloquy, the Court also confirmed that Korbe had knowingly and voluntarily waived her right to file a direct appeal and had knowingly and voluntarily waived her right to file a collateral appeal pursuant to 28 U.S.C. § 2255. Transcript at 17-18, 22; *See also* Plea Agreement ¶ B(11). On November 1, 2013, the Court issued a Memorandum Order which denied Korbe's motion for a sentence reduction based on her post-conviction rehabilitation activities.

Legal Analysis

In the pending § 2255 petition, Korbe contends that her conviction at Count 3 under 18 U.S.C. § 924(c) has been invalidated by the Supreme Court's recent decisions in *Johnson v. United States*, 135 S. Ct 2552 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016) (relating to the residual clause of the Armed Career Criminal Act). The government contends that Korbe waived her right to raise such a collateral challenge to her sentence.

The government asserts that the "collateral waiver" provision of the plea agreement is valid and enforceable. The government contends that Korbe knowingly and voluntarily waived her right to file a § 2255 motion, as demonstrated by the transcript of the plea and sentencing colloquy. The government contends that this waiver should be enforced, and that Korbe's motion should be summarily denied without consideration of the merits. Defendant contends that the collateral waiver provision does not preclude the instant petition because: (1) her conviction under § 924(c) is now unconstitutional; (2) her sentence exceeds the statutory 15-year maximum for the voluntary manslaughter conviction; and (3) she could not have relinquished her rights under *Johnson* and *Welch* because they did not exist at the time of her plea and sentence.

The United States Court of Appeals for the Third Circuit has articulated several factors in considering whether a miscarriage of justice has occurred which would justify disregard of an appellate waiver: (1) the clarity of the error; (2) its gravity; (3) its character (i.e., factual, advisory guideline, statutory maximum); (4) impact on the Defendant; (5) impact on the government; and (6) the extent Defendant acquiesced in the result. *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001). The Court need not finally resolve whether or not *Johnson* and *Welch* apply to convictions under § 924(c). Nor need it determine whether assault of a federal officer and/or voluntary manslaughter qualify as predicate offenses through the "elements" test,

rather than the "residual clause." Even assuming, arguendo, an error that may be corrected retroactively,[1] the remainder of the *Khattak* factors weigh strongly in favor of enforcing the appellate waiver under the facts and circumstances of this case.

The Court carefully questioned Korbe in open court regarding her knowledge of the case and her willingness to plead guilty and to serve the stipulated sentence. In particular, the transcript reflects that experienced defense counsel at the time, Caroline Roberto and Jay McCamic, had thoroughly discussed the proposed terms of the plea and sentence agreement with Korbe, such that it was abundantly clear that Korbe had received effective assistance of counsel during the plea bargaining process. Korbe represented to the Court that she entered into the plea agreement and stipulated sentence knowingly and voluntarily.

The Court also specifically questioned Korbe regarding her intent to waive her right to file a collateral attack on the plea and sentence pursuant to § 2255 – the very motion that is now pending. The Court exercised substantial care to ensure that Korbe understood her rights, in part because the plea and sentencing proceedings were to be combined and the Court would be required to accept the stipulated sentence as negotiated by the parties. Korbe affirmed that she understood her rights and agreed to waive them. As reflected in the transcript of the proceedings, the Court was satisfied and convinced that Korbe knowingly and voluntarily agreed to plead guilty, to be sentenced as set forth in the written plea agreement, and to waive any collateral attack on that sentence.

As a result of the plea agreement, numerous charges (including murder of an FBI agent) were dismissed. The sentence Korbe received was not based on a stand-alone analysis of § 924(c). Rather, it represented an extensively-negotiated, global resolution of all of the charges

---

[1] There was no "error" under the law in effect at the time of Korbe's plea and sentence.

against her. Indeed, given the facts of the case, the outcome could have been far less favorable to Korbe – she faced a possibility of life imprisonment. Thus, under the facts and circumstances of this case, Korbe's waiver is enforceable and does not result in a miscarriage of justice. *See United States v. Fazio*, 795 F.3d 421, 425 & n. 1 (3d Cir. 2015); *United States v. Jackson,* 523 F.3d 234 (3d Cir. 2008); *United States v. Gwinnett*, 483 F.3d 200 (3d Cir. 2007). Her § 2255 petition must be dismissed with prejudice.

Conclusion

In accordance with the foregoing, the GOVERNMENT'S MOTION TO DISMISS DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. § 2255 (ECF No. 436) will be **GRANTED** and the MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Document No. 431), will be **DISMISSED**. A certificate of appealability will not be issued pursuant to 28 U.S.C. § 2253.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | 2: 09-cr-00005 |
| v. | ) | 2: 16-cv-00681 |
| | ) | |
| **CHRISTINA MARIE KORBE** | ) | |

## ORDER OF COURT

AND NOW this 27th day of September, 2016, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that the GOVERNMENT'S MOTION TO DISMISS DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. § 2255 (ECF No. 436) is **GRANTED**; and the MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Document No. 431) is **DISMISSED with prejudice**. Civil Action No. 16-681 shall be docketed as closed. No certificate of appealability shall issue.

BY THE COURT;

s/ Terrence F. McVerry
United States District Judge

cc: Troy Rivetti, AUSA
Elisa Long, AFPD
Anjali Biala, FPD Staff Attorney